IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATURE'S WAY PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ZILA NUTRACEUTICALS, INC., <br><br> Defendant. | ORDER GRANTING MOTION TO TRANSFER VENUE <br><br><br> Case No. 2:06cv00667 |

This case is one of two federal actions involving the same parties — the other case is pending before the United States District Court of Arizona. Both cases were filed on August 11, 2006, and both arise from a dispute over the sale and marketing of nutritional supplements. Although both cases were filed the same day, the Arizona action, entitled *Zila Nutraceuticals, Inc. v. Nature's Way Products, Inc.*,[1] was filed first — about one hour and forty minutes earlier. Upon review of the parties' pleadings regarding venue, the court concludes it is appropriate to transfer this case to Arizona under the first-filed rule, in the interests of judicial efficiency and for the convenience of two of the three parties to the dispute. Also, after considering the pleadings, the court determines oral arguments on this matter to be unnecessary.

---

[1] D. Ariz. Case No. 2:06-at-10850.

**BACKGROUND**

Zila Nutraceuticals is an Arizona corporation that manufactures and distributes various health supplements, including Ester-C®, a Vitamin C supplement. Nature's Way Products is a Utah corporation that manufactures and distributes The Right C®, a Vitamin C supplement. The C Group, an Arizona corporation, also manufactures, distributes, and licenses The Right C®. On February 28, 2002, Inter-Cal Nutraceuticals, Zila's predecessor-in-interest, entered into a licensing agreement with Nature's Way — entitled "Inter-Cal Nutraceuticals Non-Exclusive Manufacturer/Marketer Agreement." In this agreement, the parties consented to jurisdiction of the courts of Arizona and the application of Arizona law for disputes arising from the agreement.

On August 11, 2006, at 1:47 p.m. MST, Zila filed a complaint against Nature's Way in the United States District Court for the District of Arizona. In essence, Zila alleged Nature's Way marketed The Right C®, a direct competitor with Ester-C®, in a purposefully deceptive manner. Zila advanced claims of (1) false and misleading advertising under the Lanham Act, (2) deceptive trade practices under the Arizona Consumer Fraud Act, and (3) unfair competition under Arizona common law. Nature's Way filed for declaratory relief in this court later in the day on August 11, 2006 — at 3:28 p.m. MST. Nature's Way seeks declaratory relief under the same provision of the Lanham Act that Zila advanced in the Arizona lawsuit. On August 17, 2006, Zila added a cause of action against Nature's Way for breach of contract in the Arizona suit. In this amended complaint, Zila also advanced claims against The C Group similar to those it advanced against Nature's Way.

Both Zila and The C Group maintain their principal places of business in Arizona. The

majority of the witnesses Zila anticipates calling are located in Arizona.  But Nature's Way maintains the majority if its witnesses are in Utah.  Although both the Utah and the Arizona lawsuits focus on the advertising practices for nutritional supplements, the Arizona lawsuit is more comprehensive, in that it involves additional claims against Nature's way and claims against another party.  Additionally, the Arizona case is more advanced — while this court is addressing only issues of venue, the Arizona court has a motion to dismiss and a motion for a preliminary junction pending before it.

## DISCUSSION

Venue is proper in Arizona because Zila filed first in Arizona and transferring this action leads to judicial efficiency.  The court declines to stay this case to allow the Arizona court to decide venue because of the parties' representation that the issue of venue has been substantively briefed to this court only and the parties' expressed wishes to avoid wasting resources.

In the Tenth Circuit, the general rule is that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."[2]  In *Hospah Coal Co. v. Chaco Energy Coal*, the Tenth Circuit faced a situation in which one party filed a complaint in Texas and, three days later, the other party filed a complaint in New Mexico concerning the same subject matter.[3]  Service of process was effected in the New Mexico suit

---

[2] *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (citing *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328 (10th Cir. 1972)).

[3] *Id.* at 1162.

prior to the Texas suit.[4] The New Mexico suit was filed as a declaratory judgment action as well as a request for an injunction against the Texas plaintiffs to prohibit them from proceeding with the Texas case.[5] The basis for the injunction was a clause in a lease between the parties which placed venue in New Mexico for disputes arising from the lease.[6] The court found that despite this New Mexico venue clause, the party who filed suit first in Texas did not act vexatiously.[7] The court ultimately concluded that allowing a party to litigate in a venue other than that in which the case was filed would render the procedures in 28 U.S.C. § 1404(a) an exercise in futility.[8] "[T]he declaratory judgment action cannot be used as a substitute for the rules of civil procedure in response to a pending lawsuit, nor can declaratory judgment be used as yet another weapon in a game of procedural warfare."[9]

In another relevant case, *Republic Insurance Co. v. Sinclair Corp.*, this court did not follow the first-filed rule when faced with a declaratory judgment action filed in anticipation of another lawsuit.[10] Because the plaintiff had merely "anticipated [the defendant] would challenge its denial of coverage in court and moved to pre-empt such challenge by filing this lawsuit prior

---

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.* at 1163.

[8]*Id.* at 1164.

[9]*Id.* at 1164–65 (citations omitted).

[10]*Republic Ins. Co. v. Sinclair Oil Corp.*, 791 F. Supp. 278, 281 (D. Utah 1992).

to denying coverage,"[11] this court gave no weight to the plaintiff's choice of forum. Instead, this court transferred venue to the more comprehensive and later-filed action in Wyoming.[12]

Evaluated in light of *Hospah Coal* and *Republic*, Nature's Way's choice of venue in this court must give way. As in these earlier cases, Nature's Way's complaint reveals its use of this suit as a "substitute for the rules of civil procedure."[13] For instance, in its complaint, Nature's Way concedes it filed for declaratory judgment because "[Zila] has raised a reasonable apprehension of the filing of a lawsuit against Natures Way."[14] However, rather than challenging venue directly in the first-filed Arizona lawsuit by availing itself of the procedures in § 1404(a), Nature's Way has tried to establish venue in Utah — using this declaratory action as a tool for "procedural fencing."[15] Moreover, Nature's Way's position is weaker than that of the losing party in *Republic* because it filed its suit only *after* Zila filed in Arizona. Even if Nature's Way had filed its complaint first, its venue claim would fail in light of *Republic*, as this court is reluctant "to entertain declaratory judgment actions which have been filed in anticipation of another lawsuit and in an attempt to forum shop."[16]

Further, as in *Republic*, a more efficient forum for this dispute exists. Courts should

---

[11] *Id.* at 282.

[12] *Id.* at 280, 283.

[13] *Hospah Coal*, 673 F.2d at 1164–65 (citations omitted).

[14] *See* Nature's Way's Complaint 2, Docket No. 1.

[15] *Republic*, 791 F. Supp. at 280.

[16] *Id.*

transfer venue "[f]or the convenience of the parties and witnesses, and in the interest of justice."[17] In its evaluation, the court considers factors such as the enforceability of any judgment obtained, the possibility of questions arising from conflicts of law, and the advantage of local courts hearing questions of local law.[18]  In this case, considerations of judicial efficiency and the convenience of the parties support laying venue in Arizona.  With regard to judicial efficiency, it would be inefficient for the same parties to litigate the same issues in two different places — transferring venue to the District of Arizona will preserve the parties' resources by preventing concurrent or subsequent litigation of the same issues.  Similarly, it will prevent this court and the Arizona court from wasting resources, duplicating work, or creating inconsistencies.  Additionally, the Arizona court is in a better position to resolve Zila's claims against Nature's Way and The C Group that are based on Arizona law.  Finally, as in *Republic*, the Arizona lawsuit is more comprehensive and further advanced than this case.  The Arizona case includes an additional party and various additional claims and the Arizona court is currently facing a pending motion to dismiss and motion for a preliminary injunction.

With regard to convenience of the parties and witnesses, Zila contends the majority of witnesses it plans to call are in Arizona, and Nature's Way makes the same claim with regard to its Utah witnesses.  This factor, therefore, weighs in neither parties' favor.  However, the court finds it notable that two of the three parties to this dispute are located in Arizona — both Zila and

---

[17]28 U.S.C. § 1404(a).

[18]*See Comp. Health Sys., Inc. v. Chamberlain*, 648 F. Supp. 247, 250 (D. Utah 1986).

The C Group maintain their principal places of business in Arizona.  Further, it supports concepts of fairness for Nature's Way to defend against Zila's claims in Arizona, as the licensing agreement between Nature's Way and Zila recites the parties' consent to the jurisdiction of the courts of Arizona and the application of Arizona's laws.  This clause applies only to disputes arising out of the licensing agreement, and Nature's Way challenges whether the claims pending before the Arizona district court arose out of the licensing agreement.  However, considering that in the Arizona case, Zila alleges Nature's Way violated the licensing agreement, the existence of the agreement weighs toward establishing venue in Arizona.

In support of its claim that venue is proper in Utah, Nature's Way stresses that it served Zila with process in the Utah lawsuit before Zila served it with process in the Arizona lawsuit.  But here, as in *Hospah Coal*, when the case was filed — not when service was effected — is the crucial inquiry.  Nature's Way also alleges Zila's filing of an amended complaint — which added an Arizona party and added a claim that Nature's Way breached the licensing agreement — was merely posturing so Zila could establish venue in Arizona.  However, this does not affect the court's opinion because Zila still filed its lawsuit first and Nature's Way still filed a declaratory action in anticipation of the suit, making venue in Arizona proper under *Hospah Coal* and *Republic*.

## CONCLUSION

Accordingly, the court concludes venue is appropriate in the United States District Court of Arizona — the parties' disputes should be resolved in the first-filed, more comprehensive, Arizona action.  Therefore, the Defendant's Motion to Stay or, in the Alternative, for Transfer of

Venue [#5] is GRANTED with regard to the transfer of venue and MOOT with regard to the motion to stay.  The Plaintiff's Motion for a Finding that Venue is Proper in Utah and to Stay the Arizona Lawsuit [#11] is DENIED, and the Plaintiff's Request for an Expedited Hearing on the Issue of Venue [#20] is MOOT.  The clerk's office is directed to close this case.

DATED this 5th day of October, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge